# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **GREGORY WHITE**, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. _____ |
| | § | |
| **UNITED STATES OF AMERICA**, | § | |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Gregory White files this action against Defendant United States of America and alleges as follows:

### I. PARTIES

1. Plaintiff Gregory White is an individual residing in Corpus Christi, Nueces County, Texas.

2. Defendant United States of America is liable pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§1346(b), 2671–2680, for the negligent acts of its employee acting within the course and scope of employment.

3. At all relevant times, Isaac Salazar was an employee of the United States Postal Service ("USPS") operating a USPS delivery vehicle within the course and scope of his federal employment.

### II. JURISDICTION AND VENUE

4. This Court has jurisdiction pursuant to 28 U.S.C. §1346(b)(1).

5. Under the FTCA, the United States is liable in the same manner and to the same extent as a private individual under the law of the state where the act occurred, here the State of Texas.

6. Venue is proper in this Court under 28 U.S.C. §1402(b) because:

- Plaintiff resides in Nueces County, Texas, and
- The acts giving rise to this claim occurred in Corpus Christi, Texas.

### III. ADMINISTRATIVE EXHAUSTION

7. Plaintiff satisfied the administrative requirements of 28 U.S.C. §2675(a).

8. On August 12, 2024, Plaintiff submitted a Standard Form-95 to the United States Postal Service seeking damages of $300,000.

9. On October 23, 2024, USPS acknowledged receipt of the claim and requested medical records and bills.

10. On May 12, 2025, prior to final agency action, Plaintiff submitted an Amended Standard Form-95 increasing the claim amount to $510,714.31, consisting of:

    - $500,000 for personal injuries, and
    - $10,714.31 for property damage.

11. More than six months have passed since the original claim was presented.

12. USPS has not issued a final written denial.

13. Plaintiff has therefore satisfied all administrative prerequisites to filing this lawsuit.

### IV. FACTUAL BACKGROUND

14. On April 19, 2024 at approximately 4:40 PM, Plaintiff was operating a 2015 Nissan Murano eastbound on Horne Road in Corpus Christi, Texas.

15. At the same time, USPS employee Isaac Salazar was operating a USPS mail truck eastbound on Horne Road in Corpus Christi, Texas in the lane to the right of the lane in which Plaintiff was driving.

16. Salazar attempted to execute a U-turn into the lane of travel occupied by Plaintiff's vehicle.

17. The USPS vehicle collided with Plaintiff's vehicle.

18. The investigating police officer issued a citation to the USPS driver for "Changed Lanes When Unsafe."

19. The collision caused significant property damage and bodily injuries to Plaintiff.

## V. NEGLIGENCE

20. The USPS driver was negligent in one or more of the following respects:

a. Attempting an unsafe U-turn;

b. Changing lanes when unsafe;

c. Failing to maintain a proper lookout;

d. Failing to yield the right of way;

e. Failing to maintain control of the vehicle;

f. f. Failing to operate the vehicle as a reasonably prudent driver.

21. Each of these acts and omissions was a proximate cause of the collision and Plaintiff's injuries.

## VI. NEGLIGENCE PER SE

22. The USPS driver violated provisions of the Texas Transportation Code, including:
    - §545.060 — Failure to Maintain a Single Lane
    - §545.102 — Unsafe U-Turn
    - §545.103 — Unsafe Turning Movement

23. These statutes were enacted to protect motorists such as Plaintiff.

24. The USPS driver's violations constitute negligence per se.

## VII. USPS SAFETY POLICIES

25. Upon information and belief, the United States Postal Service maintains written safety policies governing the safe operation of postal delivery vehicles.

26. These policies include training and guidance instructing USPS drivers to avoid unsafe turning movements, including U-turns across traffic, and to ensure that turning movements can be completed safely without interfering with other vehicles.

27. The conduct of the USPS driver violated these safety principles and fell below the standard of care expected of a reasonably prudent driver.

## VIII. DAMAGES

28. As a direct result of the collision, Plaintiff sustained injuries including:

    - Neck injuries
    - Back injuries
    - Left shoulder injuries
    - Bilateral knee injuries.

29. Plaintiff has incurred damages including:

    - Medical expenses
    - Physical pain and suffering
    - Mental anguish
    - Physical impairment
    - Property damage
    - Loss of earning capacity

30. Pursuant to 28 U.S.C. §2675(b), Plaintiff seeks damages not to exceed $510,714.31, the amount presented in Plaintiff's amended administrative claim.

## IX. EXHIBITS

31. Plaintiff attaches:

- Exhibit A — Texas Peace Officer Crash Report
- Exhibit B — Amended Standard Form-95 dated May 12, 2025

True and correct copies of the Texas Peace Officer Crash Report and the Amended Standard Form-95 are attached as Exhibits A and B.

## X. EARLY LIABILITY RESOLUTION

32. The police crash report attributes the collision to the USPS driver's unsafe turning maneuver and lane change.

33. Plaintiff anticipates filing an early motion for partial summary judgment on liability following initial disclosures and production of relevant materials including the USPS driver's training records, safety policies, and prior accident history.

34. Because the collision occurred when the USPS driver attempted an unsafe U-turn across traffic and was cited by the investigating officer, there is no genuine dispute of material fact regarding liability.

## XI. EFFICIENT RESOLUTION OF LIABILITY AND DAMAGES

35. Plaintiff intends to pursue efficient resolution of this matter consistent with the Federal Rules of Civil Procedure and the Court's case management procedures. In light of the police crash investigation and the statutory violations described above, Plaintiff anticipates seeking early resolution of liability through appropriate motion practice. Should liability be resolved prior to trial, Plaintiff is prepared to proceed promptly to a bench trial limited to the determination of damages.

36.

**PRAYER**

Plaintiff respectfully requests judgment against Defendant for:

- Damages not to exceed **$510,714.31**
- Costs of court
- All other relief to which Plaintiff may be entitled.

This 16th day of March 2026

                                        Respectfully submitted,

                                        THE ESTEFAN FIRM, P.C.

By:   /s/ Ron Estefan
                            Ronald M. Estefan
                            State Bar No. 00785851
                            S.D. Texas No. 16029
                            2306 Mason Street
                            Houston, Texas 77006
                            (713) 333-1100 Telephone
                            (713) 333-1101 Facsimile
                            ron@ronestefanlaw.com

                            ATTORNEY FOR PLAINTIFF